FRANKLIN | SOTO LLP
Joshua D. Franklin (SBN 264536)
josh@franklinsoto.law
Cheryl Dunn Soto (SBN 250892)
cheryl@franklinsoto.law
444 West C Street, Suite 300
San Diego, California 92101
Tel:  619.872.2520
Fax: 619.566.0221

*Attorneys for Plaintiff 661970 Ontario Inc.
d/b/a Servco Solid Surfaces*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| 661970 ONTARIO INC. d/b/a SERVCO SOLID SURFACES,<br><br>Plaintiff,<br><br>v.<br><br>RPP PRODUCTS, INC.,<br><br>Defendant. | Case No: 5:21-cv-00802<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff, 661970 Ontario Inc. d/b/a Servco Solid Surfaces ("Servco"), for its Complaint against Defendant RPP Products Inc. ("RPP" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is a breach of contract arising out of Plaintiff Servco's sale of certain blow molding equipment to Defendant RPP, a Bloomington-based distributor of various motor oils, lubricants, and other automotive products.

2. RPP made the initial deposits due under the parties' agreement, and certain monthly payments required under an accompanying promissory note, but eventually stopped paying. More than $130,000 is still owed in principal alone.

3. Through this action, Servco seeks to recover the outstanding principal and interest it is still owed, as well as the attorney's fees and costs it has been forced to incur to enforce the terms of the parties' agreement and promissory note.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff 661970 Ontario Inc. d/b/a Servco Solid Surfaces ("Servco") is a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business in Ancaster, Ontario, Canada. In light of the foregoing, Servco is a citizen of a foreign state.

5. Defendant RPP Products Inc. ("RPP") is a California corporation with its principal place of business in Bloomington, California. In light of the foregoing, RPP is a citizen of California.

6. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in the Central District of California, pursuant to 28 U.S.C. § 1391(b)(1), (c)(2) and (d), because RPP is subject to personal jurisdiction in this District and is therefore deemed to reside here. Venue is also proper under 28 U.S.C. § 1391(b)(2) because the contract at issue in this action was entered, in part, within this District, and performed, in part, within this District.

# GENERAL ALLEGATIONS

**A.  The Contract**

8. On or about January 30, 2019, RPP and Servco entered into a purchase agreement (the "Agreement") by which Servco agreed to sell 12 items of blow molding equipment (the "Equipment"), previously used by a manufacturing division of Servco, to RPP.

9. The Agreement provided for a purchase price of $325,000.00 (U.S.), to be paid in two installments of $32,500.00, with the remaining balance of $260,000.00 satisfied through payments specified in an accompanying promissory note (the "Promissory Note").  The Agreement set forth the payment schedule as follows:

**PAYMENT SCHEDULE:**

The Purchase price will be paid as follows:

| | |
|---|---|
| Deposit with the signing of this agreement | 32,500.00 US$ |
| Payment 30 days from signing Promissory Note | 32,500.00 US$ |
| Promissory Note | 260,000.00 US$ |
| TOTAL | 325,000.00 US$ |

10. On March 6, 2019, RPP's Chief Executive Officer, Eric Zwigert, signed the Promissory Note, which called for the balance of $260,000.00 to be repaid in monthly installments beginning on April 1, 2019 and ending on December 1, 2021, with interest of seven percent (7%) per annum accruing on the unpaid balance, pursuant to an attached amortization schedule.

11. In February 2019, Servco loaded the Equipment onto a shipping truck coordinated by RPP.  Before loading the Equipment, Servco inspected it and confirmed all items were accounted for and in operable condition.

12. The Agreement provides that, upon loading the Equipment for shipment to RPP, the risk of loss from any damage to the Equipment was transferred from Servco to RPP.

### B. RPP's Breach of the Contract

13. RPP satisfied the two deposits in the amount of $32,500.00 for a total of $65,000.00.

14. In addition, RPP made monthly payments in the amount of $8,695.85 until August 2020. Following RPP's August 2020 payment, however, RPP has failed to make any payments required under the Agreement and Promissory Note.

15. Servco made numerous attempts to contact RPP in an effort to resolve RPP's default, but RPP has failed to provide any meaningful response or otherwise attempt to cure its default. Nor has RPP paid a dime since August 2020.

16. The current amount of unpaid principal is $132,380.48, not including a substantial amount of accrued interest.

17. The Promissory Note includes the following provision:

> All Costs, expenses and expenditures, including, and without limitation, the complete legal costs incurred by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.

### FIRST CLAIM FOR RELIEF
### Breach of Contract

18. Servco repeats the allegations of all preceding paragraphs of this Complaint and incorporates the same by reference.

19. Servco performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement and Promissory Note.

20. RPP breached the terms of the Agreement and Promissory Note by failing to make all payments called for under the Agreement Promissory Note.

21.     As a direct and proximate result of RPP's breach of contract, Servco has been damaged in an amount to be proven at trial. Said damages include the unpaid principal balance owed under the Agreement and Promissory Note, accrued interest, and the legal fees and costs Servco must incur to enforce the Agreement and Promissory Note. Said damages exceed the Court's jurisdictional limit.

## DEMAND FOR JURY TRIAL

Plaintiff 661970 Ontario Inc. hereby demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 661970 Ontario Inc. prays for judgment against RPP as follows:

1.     For damages sustained as a result of the breach of contract alleged herein, according to proof;

2.     For attorney's fees, including, but not limited to, an award of fees and costs pursuant to the terms of the parties' Agreement and Promissory Note;

3.     For prejudgment interest;

4.     For costs and expenses of suit; and

5.     For such other and further relief as the Court deems just and proper.

Dated:     May 5, 2021

FRANKLIN | SOTO LLP

*/s/ Joshua D. Franklin*
Joshua D. Franklin
Email: josh@franklinsoto.law
Cheryl Dunn Soto
Email: cheryl@franklinsoto.law

*Attorneys for Plaintiff 661970 Ontario Inc. d/b/a Servco Solid Surfaces*