1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

661970 ONTARIO INC. d/b/a
    SERVCO SOLID SURFACES,

Plaintiff,

v.

RPP PRODUCTS, INC.,

Defendant.

Case No. 5:21-cv-00802-JWH-SHKx

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [ECF No. 19]**

17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is the amended application of Plaintiff 661970 Ontario Inc. d/b/a Servco Solid Surfaces ("<u>Servco</u>") for default judgment against Defendant RPP Products, Inc.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support, and in the absence of any opposition,[2] the Court orders that the Application is **GRANTED**, as set forth herein.

## I. <u>BACKGROUND</u>

The facts as alleged in the Complaint are as follows:

Servco entered into a purchase agreement (the "<u>Agreement</u>") with RPP for the sale of blow molding equipment (the "<u>Equipment</u>").[3]  The Agreement provided for a purchase price of $325,000 to be paid in two installments of $32,500, with the remaining balance to be satisfied through payments specified in an accompanying promissory note (the "<u>Promissory Note</u>").[4]

Servco fulfilled its contractual obligations when it loaded the Equipment onto a shipping truck coordinated by RPP.[5]  Immediately thereafter, RPP began to make its required payments.  RPP made the two $32,500 deposits and then commenced monthly payments of $8,695.85.[6]  Following the August 2020 payment, however, RPP went dark.[7]  RPP has not made a payment since August 2020.[8]  In addition, despite Servco's numerous attempts to contact RPP to resolve the default, RPP has neither provided Servco with a meaningful response

---

[1]    Pl.'s Am. Appl. for Default J. (the "<u>Application</u>") [ECF No. 19].

[2]    The Court considered the following papers:  (1) Compl. (the "<u>Complaint</u>") [ECF No. 1] and (2) the Application (including its attachments).

[3]    Complaint ¶ 8.

[4]    *Id.* at ¶ 9.

[5]    *Id.* at ¶¶ 11 & 12.

[6]    *Id.* at ¶¶ 13 & 14.

[7]    *Id.* at ¶ 15.

[8]    *Id.*

nor has it attempted to cure the default.[9]  The remaining balance, not including accrued interest, is $132,380.48.[10]

The Promissory Note provides that RPP is responsible for the principal plus interest and all costs that Servco incurs in connection with enforcing the Agreement and Promissory Note.[11]

## II.  LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a court may issue a default judgment following the entry of default by the Clerk of the Court.  This Court's Local Rules require that an application for default judgment must be accompanied by a declaration that conforms to the requirements of Rule 55(b) and sets forth the following information:

(a)    When and against which party the default was entered;

(b)    The identification of the pleading to which default was entered;

(c)    Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d)    That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

(e)    That notice of the application has been served on the defaulting party, if required by F. R. Civ. P. 55(b)(2).

L.R. 55–1.

Whether to enter default judgment is a decision committed to the sound discretion of the district court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th

---

[9]    *Id.* It is unclear what Servco means by its statement that RPP failed to provide a meaningful response.  The nature of the contact between RPP and Servco following the default is not sufficiently expressed in the Complaint.

[10]    *Id.* at ¶ 16.

[11]    *Id.* at ¶ 17.

Cir. 1980).  In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for a court to consider in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.  Upon the entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven.  *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  A plaintiff is required to provide evidence of his or her damages, and a court may rely on the declarations submitted by the plaintiff or may order a full evidentiary hearing.  Fed. R. Civ. P. 55(b)(2). Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

### III.  DISCUSSION

Servco moves this Court to enter default judgment against RPP.[12]  Servco seeks $147,245.42, which reflects the total outstanding balance plus interest and the costs associated with enforcing the Promissory Note.[13]  To obtain that relief, Servco must meet the procedural requirements described above and must establish that, on balance, the *Eitel* factors weigh in its favor.  The Court evaluates these factors below.

---

[12]    *See* Application.

[13]    Decl. of Joshua D. Franklin at ¶¶ 7-8 [ECF No. 19-3].

-4-

## A.    **Procedural Requirements**

Servco satisfied the procedural requirements for the entry of default judgment.  Pursuant to Rule 55, Servco did not petition for a default judgment until after the Clerk entered RPP's default.  Additionally, Servco's Application and accompanying declaration set forth the information required by the Local Rules.

## B.    ***Eitel* Factors**

### 1.    **Possibility of Prejudice to Servco**

Servco would suffer prejudice if the Court does not enter a default judgment in its favor.  Because RPP has not appeared in this action, a default judgment is the only means by which Servco may obtain relief.  Absent a default judgment by this Court, Servco would be "be forced to continue the litigation even though no party has filed an answer or a claim."  *United States v. Approximately $194,752 in U.S. Currency*, 2011 WL 3652509, *3 (N.D. Cal. Aug. 19, 2011).  Therefore, this factor weighs in favor of the entry of a default judgment.  *See also Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding that the plaintiff would suffer prejudice absent the entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

### 2.    **Substantive Merits of Servco's Claims**

The second and third *Eitel* factors concern the merits of Servco's substantive claims and the sufficiency of its pleading, respectively.  *Eitel*, 782 F.2d at 1471-72.  "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'"  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted).  Servco has averred sufficiently detailed facts, now taken as true, that Servco fulfilled its obligations under the Agreement, whereas RPP failed to meet its end of the bargain.  Given the detailed nature of the facts

and the nature of the relief requested, the Court finds that these factors favor the
entry of a default judgment.

### 3.    Sum of Money at Stake

The fourth *Eitel* factor examines the amount of money at stake in the
action relative to the gravity of the defendant's conduct.  *PepsiCo*, 238
F. Supp. 2d at 1176.  Here, Servco is simply asking for RPP to honor its
contractual obligations and to pay for the goods provided, plus interest and the
costs of enforcement.  Servco seeks damages that are consonant with the gravity
of RPP's conduct.  This factor therefore favors the entry of a default judgment.

### 4.    Possibility of Dispute Concerning Material Facts

Upon entry of default, all well-pleaded factual allegations are deemed
true—except those pertaining to damages.  *TeleVideo*, 826 F.2d at 917; *Elektra
Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. Feb. 11, 2005)
("Because all allegations in a well-pleaded complaint are taken as true after the
court clerk enters default judgment, there is no likelihood that any genuine issue
of material fact exists.").  Because RPP has neither appeared in this action nor
asserted any defenses, it is unlikely that disputes regarding material facts will
arise.  Accordingly, this factor favors the entry of a default judgment.

### 5.    Whether Default Was Due to Excusable Neglect

Under the sixth factor, a court must consider whether a defendant's
default may have been due to excusable neglect.  *Eitel*, 782 F.2d at 1472.  This
factor favors the entry of a default judgment when the defendant has been
properly served or the plaintiff demonstrates that the defendant is aware of the
action.  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082
(C.D. Cal. 2012).  In the instant case, Servco made numerous attempts to
contact RPP in an effort to resolve RPP's default.[14]  Additionally, RPP was

---

[14]    Complaint ¶ 15.

1  properly served on May 10, 2021.[15]  Accordingly, the Court concludes that
2  RPP's default was not the product of excusable neglect.  Thus, this factor favors
3  the entry of a default judgment.

4        **6.**    **Policy Favoring Decision on the Merits**

5        Generally, default judgments are disfavored because "[c]ases should be
6  decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at
7  1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.
8  1985)).  However, when a defendant fails to appear and respond, default
9  judgment is appropriate.  *Wecosign*, 845 F. Supp. 2d at 1083.  Here, RPP's failure
10  to appear or defend against Servco's claims makes a decision on the merits
11  impracticable.  Therefore, this factor weighs in favor of the entry of a default
12  judgment.

13        On balance, the *Eitel* factors weigh in favor of the entry of a default
14  judgment against RPP.  Therefore, the Court **GRANTS** the instant Application.

15  **C.**    **Requested Relief**

16        Rule 54(c) provides that "[a] default judgment must not differ in kind
17  from, or exceed in amount, what is demanded in the pleadings."
18  Fed. R. Civ. P. 54(c).  A plaintiff must "prove up" the amount of damages.
19  *Aifang v. Velocity VIII, L.P.*, 2016 WL 5420641, at *7 (C.D. Cal. Sept. 26, 2016).
20  Here, the relief requested in the Complaint matches the relief sought in the
21  Application.[16]

22        Further, to prove up its damages, Servco submits the declarations of its
23  President and Chief Executive Officer, Robert Smith,[17] and its counsel, Joshua

24

25

26  ――――――――――――――
   [15]    Proof of Service [ECF No. 10]
27  [16]    *Compare* Complaint at ¶ 21 *with* Application at ¶ 5.
   [17]    *See* Decl. of Robert Smith in Supp. of the Application (the "Smith
28  Declaration") [ECF No. 19-2].

D. Franklin.[18]  The Smith Declaration provides a detailed accounting of Servco's principal damages of $140,309.49 ($132,380.48 for the unpaid balance of the Promissory Note and $7,929.01 in accrued interest through June 30, 2021).[19]  The Franklin Declaration explains and justifies Servco's request for attorneys' fees in the amount of $6,406.18,[20] which arises from the Schedule of Attorneys' Fees set forth in L.R. 55-3.  The Franklin Declaration also provides evidence of Servco's costs of $529.75.[21]  The sum of those elements of damages (*i.e.*, $140,309.49 for the unpaid Promissory Note; $6,406.18 for attorneys' fees; and $529.75 for costs) is $147,245.42.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    Servco's Application for Default Judgment is **GRANTED**.

2.    Judgment shall be entered accordingly.

3.    The hearing on the Application, currently set for September 3, 2021, at 9:00 a.m., is **VACATED**.

**IT IS SO ORDERED.**



Dated:  September 2, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[18]    *See* Decl. of Joshua D. Franklin in Supp. of the Application (the "Franklin Declaration") [ECF No. 19-3].

[19]    Smith Declaration ¶ 8.

[20]    Franklin Declaration ¶ 7

[21]    *Id.* at ¶ 8.